# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: January 14, 2025

```
* * * * * * * * * * * * *
WILLIAM WATKINS,            *
                            *
            Petitioner,     *        No. 22-232V
                            *
v.                          *        Special Master Gowen
                            *
SECRETARY OF HEALTH         *
AND HUMAN SERVICES,         *
                            *
            Respondent.     *
* * * * * * * * * * * * *
```

*Andrew D. Downing,* Downing, Allison & Jorgenson, Phoenix, AZ, for petitioner.
*Jamica M. Littles,* U.S. Dept. of Justice, Washington, D.C., for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On January 4, 2025, William Watkins ("petitioner") filed a motion for interim attorneys' fees and costs. Petitioner Interim Fees Application ("Int. Fee. App.") (ECF No. 40). For the reasons discussed below, the undersigned **GRANTS** petitioner's motion and finds that an award of $36,962.47 is reasonable for interim attorneys' fees and costs.

## I.    Procedural History

On March 2, 2022, petitioner filed a claim in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleges that as a result of receiving the influenza vaccine on November 2, 2020 she suffered anaphylaxis and a subsequent peripheral neuropathy. *Id.* Petitioner also filed medical records and proof of vaccination in support of her claim. *See*

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Petitioner's ("Pet'r") Exhibits ("Exs.") 2-9).  On April 26, 2024, respondent filed the Rule 4(c) report, recommending against compensation.  Respondent's Report ("Resp't Rept.") (ECF No. 33).  Petitioner filed a response to the Rule 4(c) report and an expert report by neurologist, Dr. Peter-Brian Andersson.  Pet'r Ex. 12 (ECF No. 36).  Respondent filed an expert report by neurologist, Dr. Peter Donofrio on October 3, 2024. Resp't Ex. A (ECF No. 38).  On November 22, 2024, petitioner filed a rebuttal report by Dr. Andersson.  Pet'r Ex. 27 (ECF No. 39).

On January 4, 2025, petitioner filed this motion for interim attorneys' fees and costs, requesting a total of $36,962.47.  Int. Fee App. at 6.  More specifically, petitioner is requesting $28,978.00 in attorneys' fees and $7,984.47 in attorneys' costs.  *Id.*  Petitioner submitted an invoice from his attorney, Mr. Downing, and documentation of the costs associated with his claim.  Int. Fee App. Ex. A.  On January 6, 2025, respondent filed a response to petitioner's motion for interim attorneys' fees and costs, stating "respondent defers to the special master to determine whether or not petitioner has met the legal standard for an interim fees and costs award," and "requests that the special master exercise his discretion and determine a reasonable award for interim attorneys' fees and costs."  Resp't Response at 3-4 (ECF No. 41).  Petitioner has not filed a reply.

This matter is now ripe for adjudication.

## I.    Entitlement to Attorneys' Fees and Costs

### A.  Legal standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation.  §15(e)(1)(A)-(B).  Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought."  § 15(e)(1).  The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims."  *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).

Petitioners act in "good faith" if they filed their claims with an honest belief    that a vaccine injury occurred.  *Turner v. Sec'y of Health & Human Servs.,* No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).  In this case, respondent does not contest that this petition was filed in good faith.  Further, petitioner has a belief that the flu vaccine he received caused him to suffer peripheral neuropathy.

To receive an award of fees and costs, a petitioner must also demonstrate the claim was brought with a reasonable basis through objective evidence supporting "the *claim* for which the petition was brought."  *Simmons v. Sec'y of Health & Human Servs.,* 875 F.3d 632 (Fed. Cir. 2017); *see also Chuisano v. Sec'y of Health & Human Servs.,* 116 Fed. Cl. 276, 286 (2014) (citing *McKellar v. Sec'y of Health & Human Servs.,* 101 Fed Cl. 297, 303 (2011)).  Petitioner filed accompanying medical records to support his petition, in addition, to filing reports from an

2

expert to support his claim for vaccine causation.  As such, I find that there is reasonable basis to award petitioner reasonable interim attorneys' fees and costs.

### A.  Interim awards

The Vaccine Act permits interim attorneys' fees and costs.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010).  In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship."  609 F.3d at 1375.  In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained."  515 F.3d at 1352.  I do not routinely grant interim fee applications.  I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000.00.  If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred.  These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application.  I evaluate each one on its own merits.

This case has been pending since 2022 and while the total amount requested is less than the amounts listed above, petitioner's initial counsel no longer represents him in this matter and additional fees and costs are likely to be incurred by new counsel as this case progresses.   As such, I find that an award of interim attorneys' fees and costs is appropriate at this time.

### III. Reasonable attorneys' fees and costs

### A.  Legal standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs.  The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera*, 515 F.3d at 1349.  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  *Id.* at 1348.  Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees.  *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs."  *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991).  They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993).  A line-by-line evaluation of the billing records is not required.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hour that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

### B. Attorneys' Fees and Costs

Petitioner is requesting various rates of compensation for the attorneys and paralegals who have worked on his case at the Downing, Allison, & Jorgenson firm from 2022 until present. Int. Fee App. at 3-4. The hourly rates being requested by petitioner for the personnel working on her case are consistent with the hourly rates that have been previously awarded to Downing, Allison, & Jorgenson attorneys and staff for their work by myself and other special masters. *See Fisher v. Sec'y of Health & Hum. Servs.,* No. 20-855V, 2024 WL 3326050 (Fed Cl. Spec. Mstr. June 10, 2024). Accordingly, no adjustment to the adjusted requested rates is necessary.

Petitioner also submitted a detailed invoice from Downing, Allison, & Jorgenson which provides the date, detailed descriptions of the tasks performed, the requested rate, and the time expended. Based on my experience and my familiarity with the work performed in this case, the hours expended on this case appear to be reasonable. *See Wasson,* 24 Cl. Ct. at 484 (a special master may rely on their experience to evaluate the reasonableness of hours expended). Thus, petitioner's request for interim attorneys' fees in the amount of $28,978.00 will be awarded in full.

### C. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner is requesting that his former attorneys' firm be reimbursed for a total of $7,984.47in costs. In support of the attorneys' costs, petitioner submitted a detailed invoice, which indicates the costs include the filing fee, obtaining medical records, postage, and expert fees of $7,291.66. Int. Fee App. Ex. A at 12. Dr. Andersson charged an hourly rate of $500.00 per hour and performed 14.5 hours of work, including reviewing petitioner's medical records and writing two expert reports. Dr. Andersson's rates are consistent with the hourly rates routinely charged by neurologists who offer their opinions in Vaccine Program cases and shall be awarded in full. Accordingly, these costs are reasonable and petitioner's former attorney, Mr. Downing, shall be reimbursed in full for a total of $7,984.47 in attorneys' costs.

### IV. Conclusion

For the reasons set forth above, I find that is reasonable to compensate petitioner's former attorney, Mr. Andrew Downing, for interim attorneys' fees and costs.

**Accordingly, the petitioner is awarded interim attorneys' fees and costs in the total amount of $36,962.47, to be paid through an ACH deposit to petitioner's former counsel, Mr. Andrew Downing's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**

Thomas L. Gowen

Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).